**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000898
19-OCT-2016
08:01 AM**

NO. CAAP-15-0000898

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SAMUEL P. KING, JR., Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTI-15-113363)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Samuel P. King, Jr. (**King**), *pro se*, appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on November 20, 2015, in the District Court of the First Circuit, Honolulu Division (**district court**).[1] The district court found King guilty of failing to comply with the speed limit, in violation of Hawaii Revised Statutes (HRS) § 291C-102(a)(1).[2]

On appeal, King argues that the district court erroneously admitted the testimony of Sergeant Harry Burt

---

[1] The Honorable Thomas A.K. Haia presided.

[2] HRS § 291C-102(a)(1) (2007) provides in pertinent part: "A person violates this section if the person drives . . . [a] motor vehicle at a speed greater than the maximum speed limit . . . where the maximum . . . speed limit is established by county ordinance or by official signs placed by the director of transportation on highways under the director's jurisdiction."

(**Sergeant Burt**) that LTI, the manufacturer of the LTI laser gun, stated in a letter written to Honolulu Police Chief Louis Kealoha (**Chief Kealoha**) that LTI had no training requirements for police officers to learn to use the LTI 20-20 Marksman laser gun (**Marksman**), and thus there was insufficient foundation for the laser gun reading. King also contends that the district court erred in refusing to grant a short recess or a continuance of trial to allow King to obtain a copy of the alleged letter. Finally, King asserts that there was insufficient evidence where no evidence regarding the meaning of the laser gun reading was adduced, and there was no proof that the speed limit was "controlled by an official State of Hawaii sign."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve King's points of error as follows, and reverse.

Sergeant Burt testified about a letter that he said was sent by LTI to Chief Kealoha, and Sergeant Burt further testified that the letter was in his car at the time of trial. Regardless of whether the district court properly admitted Sergeant Burt's testimony regarding the contents of the LTI letter, the district court erred in admitting the laser gun speed reading without a sufficient foundation.

The Hawai'i Supreme Court has held that, in order to establish the necessary foundation for admission of a laser gun speed reading, "the prosecution must prove that the laser gun's accuracy was tested according to procedures recommended by the manufacturer." State v. Assaye, 121 Hawai'i 204, 215, 216 P.3d 1227, 1238 (2009). Further, the prosecution must show "whether the nature and extent of an officer's training in the operation of a laser gun meets the requirements indicated by the manufacturer." Id. (footnote omitted).

This case focuses on the second requirement, and with regard to the officer's training, the supreme court has held that "[l]ogically, to meet this burden the prosecution must establish

both (1) the requirements indicated by the manufacturer, and (2) the training actually received by the operator of the laser gun." State v. Gonzalez, 128 Hawai‘i 314, 327, 288 P.3d 788, 801 (2012); see also State v. Amiral, 132 Hawai‘i 170, 178-79, 319 P.3d 1178, 1186-87 (2014).

Here, the State did not establish "the requirements indicated by the manufacturer," Gonzalez, 128 Hawai‘i at 327, 288 P.3d at 801, and thus did not show that the nature and extent of Sergeant Burt's training in the operation of the Marksman met the manufacturer's requirements. See Assaye, 121 Hawai‘i at 213-16, 216 P.3d at 1236-39.

When asked, based on his reading the LTI manual, "what LTI requires an officer to undergo to be certified to be able to use the laser device[,]" Sergeant Burt testified that "LTI doesn't have an hour requirement for an officer." He then testified, over objection, about his understanding of what the LTI letter sent to Chief Kealoha says, stating "LTI just requires the officer read through the manual and follow the instructions within the manual to operate the device properly." Subsequently, when asked "was your training in accordance with what was in the manual?" Sergeant Burt responded "Yes, it is."

With regard to the LTI letter, the district court admitted Sergeant Burt's testimony based on the theory that it was Sergeant Burt's "understanding" of the letter and the letter itself was not needed. The district court overruled King's objections throughout the trial based on hearsay and the best evidence rule.

Given this record, the State has not carried its burden to establish what the manufacturer's requirements actually are related to training. See Amiral, 134 Hawai‘i at 178-79, 334 P.3d at 1186-87 (ruling that conclusory testimony by the officer did not satisfy the requirements in Gonzalez for establishing the type of training recommended by the manufacturer). Without such evidence and without further demonstrating that Sergeant Burt's training met the manufacturer's requirements, there was

insufficient foundation to admit the speed reading into evidence.

Absent the speed reading, there was insufficient evidence to support the judgment against King. That is, there is no other evidence in the record to establish that King was exceeding the speed limit. See Assaye, 121 Hawai'i at 216, 216 P.3d at 1239 (where State failed to adduce sufficient evidence of speed at which defendant was traveling, State failed to prove every element of Excessive Speeding beyond a reasonable doubt and judgment of conviction was reversed).

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on November 20, 2015, in the District Court of the First Circuit, Honolulu Division is reversed.

DATED: Honolulu, Hawai'i, October 19, 2016.


On the briefs:

Samuel P. King, Jr.,
Defendant-Appellant, pro se.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4